

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

December 9, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Robert Henderson*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on December 12, 2014, at 4:30 p.m. For the reasons explained below, the Government respectfully submits that a Guidelines sentence of 46 to 57 months' imprisonment be imposed at sentencing.

## Background

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York. At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller. The Government made plea offers based on these classifications. The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight. Within these broad categories, the Government also considered a

defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

## A Sentence of 60 Months' Imprisonment is Appropriate

The defendant, Robert Henderson, was street seller of heroin and crack cocaine from 2010 to 2012; during that time, the defendant was one of the more consistent street sellers in the organization, and at times played a manager-type role. In the structure of the Organization, the Government places him towards the top of the bottom tier of defendants. The Government agreed to accept a plea without a mandatory minimum sentence, but, because of the defendant's role in the Organization, required him to stipulate in his plea agreement that he was involved in dealing heroin and crack cocaine at the drug weights specified at 21 U.S.C. § 841(b)(1)(B), specifically at least 100 grams of heroin, and at least 28 grams of crack cocaine.

Pursuant to the defendant's plea agreement, the defendant's Guidelines offense level is 23. However, in light of the two-level decrease in base offense levels in the drug quantity table set out in Section 2D1.1(c) under the November 1, 2014 version of the Guidelines manual, the Government agrees that the defendant should be sentenced at an offense level of 21.

Under the plea agreement, the defendant has seven criminal history points, placing him in Criminal History Category IV. The PSR assigns the defendant three criminal history points, with the difference resulting from the PSR (a) assigning only one point, not three, for the defendant's 2009 weapon possession and larceny convictions, because the two year term of imprisonment for those offenses was suspended; and (b) assigning no points for the defendant having committed the instant offense while on probation, because the probation department knew of no overt act having been committed by the defendant between January 27, 2009 and January 27, 2012. Based on the information provided by probation indicating that the 2009 sentence was completely suspended, the Government agrees that only one point should be assigned for that offense pursuant to U.S.S.G. § 4A1.2(a)(3). However, two points were appropriately assigned for the defendant having committee the instant offense while on probation. The probation department informed the Government that it did not assign these two points because it was not clear on the face of the Indictment when the defendant was involved in the conspiracy (which, as alleged, extended into 2013). The evidence in this case would establish that the defendant was involved in the conspiracy from at least 2010 through 2012, and the defendant stipulated in his plea agreement that the instant offense occurred while he was on probation. Therefore, the defendant has five criminal history points, placing him in Criminal History Category III, and resulting in a Guidelines range of 46 to 57 months' imprisonment.

In light of the substantial amount of heroin and crack sold by the Organization and the defendant's role, the Government respectfully submits that a Guidelines sentence of 46 to 57 months' imprisonment is an appropriate sentence in this case, and would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

                                                  Respectfully submitted,

                                                  PREET BHARARA
                                                  United States Attorney

By:      _____
                                                  Jared Lenow
                                                  Assistant United States Attorney
                                                  (212) 637-1068

cc:      Susan G. Kellman, Esq. (by email)